IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:CR-10-0298
BLAINE R. HANDERHAN, :
Defendant : (Judge Caldwell)
:
:
:

*M E M O R A N D U M*

The pro se defendant, Blaine R. Handerhan, has filed an amended motion (Ex. I to Doc. 132) for a mental examination under 18 U.S.C. § 4241 to determine his competency when he: (1) committed his offense; (2) entered into his plea agreement; (3) pled guilty; and (4) was sentenced.

By way of some background, Defendant was named in a two-count indictment. Count One charged him with knowingly distributing, and attempting to distribute, child pornography in violation of 18 U.S.C. § 2252A(a)(2). Count Two charged him with knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5).

Defendant and the government entered into a written plea agreement in which the government agreed to dismiss Count One and Defendant agreed to plead guilty to Count II. Defendant was sentenced on Count Two to ninety-six months' imprisonment. The sentence also required Defendant to pay $75,000 in restitution.

Defendant appealed, raising only sentencing issues. The sentence was affirmed on appeal. *United States v. Handerhan*, 739 F.3d 114 (3d Cir. 2014).

Defendant then filed a motion under 28 U.S.C. § 2255 seeking to vacate the conviction and sentence. We denied the motion, *United States v. Handerhan*, 2014 WL 4792007 (Sept. 23, 2014), and the Third Circuit denied a certificate of appealability. *United States v. Handerhan*, C.A. No. 14-4120 (3d Cir. Feb. 5, 2015).

We will deny the motion. 18 U.S.C. § 4241 only applies at two different times: (1) at any time after commencement of the action and before sentencing; and (2) "at any time after the commencement of probation or supervised release and prior to the completion of the sentence . . . ." *Id.* § 4241(a). Here, Defendant has already been sentenced, and he has not yet begun his term of supervised release. Section 4241 therefore does not apply to him.[1]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 22, 2015

---

[1] Defendant also argues that the court violated due process in not holding a hearing on his mental competency. Such a claim has to be raised in a 2255 motion. However, as noted, Defendant has already had a section 2255 motion adjudicated. A second or successive motion for relief under section 2255 can be pursued, but Defendant must first seek the permission of the Third Circuit to do so. See 28 U.S.C. §§ 2255(h)(1) and 2244(b)(3). We also note that, in any event, as part of the 2255 proceedings, he has already had a claim that he was incompetent to stand trial decided against him as part of a claim that his counsel was ineffective in failing to argue that Defendant was incompetent to participate in the criminal proceedings against him. *Handerhan*, *supra*, 2014 WL 4792007, at *11.