IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:CR-10-0298
BLAINE R. HANDERHAN, :
Defendant : (Judge Caldwell)
:
:
:

*M E M O R A N D U M*

The pro se defendant, Blaine R. Handerhan, pled guilty to possessing child pornography. He has filed a motion to vacate the $75,000 order of restitution that is part of his judgment of conviction and sentence. Defendant maintains that under *Paroline v. United States*, ___ U.S. ___, ___, 134 S.Ct. 1710, 1722, 188 L.Ed.2d 714 (2014), the government failed to show that his conduct was the proximate cause of the victim's losses.

By way of some background, Defendant was named in a two-count indictment. Count One charged him with knowingly distributing, and attempting to distribute, child pornography in violation of 18 U.S.C. § 2252A(a)(2). Count Two charged him with knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5).

Defendant and the government entered into a written plea agreement in which the government agreed to dismiss Count One and Defendant agreed to plead guilty to Count II. Defendant was sentenced on Count Two to ninety-six months'

imprisonment. The sentence also required Defendant to pay $75,000 in restitution. Defendant agreed to that amount at the sentencing hearing. (Doc. 87, sentencing transcript, ECF p. 17). Defendant appealed, raising only sentencing issues and not challenging the order of restitution. The sentence was affirmed on appeal. *United States v. Handerhan*, 739 F.3d 114 (3d Cir. 2014).

Defendant then filed a motion under 28 U.S.C. § 2255 seeking to vacate the conviction and sentence, but not raising as a ground for relief any challenge to the amount of the restitution. We denied the motion, *United States v. Handerhan*, 2014 WL 4792007 (Sept. 23, 2014), and the Third Circuit denied a certificate of appealability. *United States v. Handerhan*, C.A. No. 14-4120 (3d Cir. Feb. 5, 2015).[1]

We will deny the motion, as we can locate no authority for us to consider it (nor does Defendant cite any authority). Authority cannot be based on 28 U.S.C. § 2255 for the reason, aside from any other objection, that Defendant has already had a 2255 motion adjudicated, and a second or successive motion for relief under section 2255 can be pursued only after Defendant obtains permission of the Third Circuit to do so. See 28 U.S.C. §§ 2255(h)(1) and 2244(b)(3). A petition under 28 U.S.C. § 2241 does not assist Defendant because a challenge to a restitution order is not cognizable in section 2241. *Lara v. Smith*, 132 F. App'x 420, 421 (3d Cir. 2005)(nonprecedential). A petition for a writ of error coram nobis cannot be used either because, aside from the issue of Defendant's

---

[1] As one ground for relief, Defendant did argue that his counsel had failed to advise him about restitution. *Handerhan*, 2014 WL 4792007, at *10 (M.D. Pa.).

current incarceration, see *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011)(generally a petitioner in custody cannot invoke coram nobis), a challenge to the restitution order could have been made on direct appeal. *United States v. Albert*, 608 F. App'x 54, 55 (3d Cir. 2015)(nonprecedential)(coram nobis "may not be used for claims that could have been raised on direct appeal"). Finally, a petition for a writ of audita querela does not apply because such a petition only "'fills in gaps in the current system of post-conviction relief.'" *United States v. Correa*, 500 F. App'x 128, 130 (3d cir. 2012)(nonprecedential)(quoting *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009)). "There are no gaps in the current system of post-conviction relief with respect to" Defendant's claim because the claim, that the calculation of the victim's losses attributable to Defendant was incorrectly made, could have been raised on direct appeal. *Id.* at 130.[2]

    We will issue an appropriate order.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge

Date: September 22, 2015

---

[2] We add as an additional reason for denying the motion that Defendant agreed to the amount of restitution.