IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : |
| | : CRIMINAL NO. 1:CR-10-0298 |
| BLAINE R. HANDERHAN, | : |
| Defendant | : (Judge Caldwell) |

*M E M O R A N D U M*

I. Introduction

The pro se defendant, Blaine R. Handerhan, has filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the order of September 22, 2015. That order denied Defendant's motion under Fed. R. Civ. P. 60(b)(6) seeking to vacate the order of September 23, 2014. The order of September 23, 2014, denied Defendant's motion under 28 U.S.C. § 2255.

II. *Background*

Defendant was named in a two-count indictment. Count One charged him with knowingly distributing, and attempting to distribute, child pornography in violation of 18 U.S.C. § 2252A(a)(2). Count Two charged him with knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5).

Defendant and the government entered into a written plea agreement in which the government agreed to dismiss Count One and Defendant agreed to plead

guilty to Count II. Defendant was sentenced on Count Two to ninety-six months' imprisonment. The sentence also required Defendant to pay $75,000 in restitution. Defendant appealed, raising only sentencing issues. The sentence was affirmed on appeal. *United States v. Handerhan*, 739 F.3d 114 (3d Cir. 2014).

Defendant filed a motion under 28 U.S.C. § 2255 seeking to vacate the conviction and sentence. We denied the motion, *United States v. Handerhan*, 2014 WL 4792007 (Sept. 23, 2014), and the Third Circuit denied a certificate of appealability. *United States v. Handerhan*, C.A. No. 14-4120 (3d Cir. Feb. 5, 2015). Defendant then filed the Rule 60(b)(6) motion, which was denied on September 23, 2105.

III. *Discussion*

A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* It cannot be used to reargue issues that the court has already considered and disposed of. *Blanchard v. Gallick*, No. 09–1875, 2011 WL 1878226, at *1 (M.D. Pa. May 17, 2011)(Caldwell, J.)(citing *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

We will deny the Rule 59(e) motion. In his Rule 60(b)(6) motion, Defendant contended that extraordinary circumstances justified relief from the September 23, 2014, order because the court failed to hold a hearing on his 2255 motion or to follow Rules 7 and 8 of the Rules governing section 2255 proceedings. In a memorandum accompanying the September 22, 2015, order we explained why we correctly decided that no hearing was necessary before ruling on the 2255 motion. (Doc. 140). Defendant presents no grounds that are cognizable under Rule 59(e) that would persuade us the order denying the Rule 60(b)(6) motion was incorrect.[1]

We add the following observations. Defendant makes much of four pretrial motions his counsel filed. (Doc. 14, 22, 27, and 29). Defendant asserts these motions were filed so that counsel could explore his mental competence and that they presented allegations about his competence to plead guilty that required a hearing. We disagree. All four sought extensions of time for trial but only the first for the reason of mental health, and based only on the vague reason of "potential mental health issues that may aid in a non-trial resolution." (Doc. 4).

Defendant also presents a new ground for relief, that his first counsel withdrew his appearance without his second counsel entering an appearance, leaving

---

[1] Defendant does cite for the first time cases from other Circuits that colorably support the argument that once a defendant asserts he was incompetent when he entered his guilty plea, he is entitled to a hearing under section 2255. We are satisfied that our decision not to hold a hearing is in accord with Third Circuit law.

Defendant to proceed pro se.[2]  This new claim cannot be raised by way of Rule 59(e) but must be presented in a 2255 motion.  *Schweitzer v. United States*, 215 F. App'x 120, 123 (3d Cir. 2007)(nonprecedential).  However, as noted, Defendant has already had a section 2255 motion adjudicated.  A second or successive motion for relief under section 2255 can be pursued, but Defendant must first seek the permission of the Third Circuit to do so.  See 28 U.S.C. §§ 2255(h)(1) and 2244(b)(3).

Finally, we observe that, as part of the 2255 proceedings, Defendant has already had a claim that he was incompetent to plead guilty decided against him, as part of a claim that his counsel was ineffective in failing to argue that Defendant was incompetent to participate in the criminal proceedings against him.  *Handerhan*, *supra*, 2014 WL 4792007, at *11.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 27, 2015

---

[2] First counsel was Matthew R. Gover.  He suffered from a brain tumor, which proved to be fatal.  Gover represented Defendant from indictment through the guilty plea. Second counsel, Gover's partner, Brian W. Perry, without entering a formal appearance, then represented Defendant through sentencing.  Perry was not at sentencing to provide Defendant with only "moral support," as Defendant alleges.  A review of the sentencing transcript shows that he was actually representing Defendant. (Doc. 87).  Defendant was represented by another counsel on direct appeal.