IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :
   vs.                            :
                                  :  CRIMINAL NO. 1:CR-10-0298
BLAINE R. HANDERHAN,              :
        Defendant                 :    (Judge Caldwell)
                                  :
                                  :
                                  :

*M E M O R A N D U M*

   The pro se defendant, Blaine R. Handerhan, has filed a motion under Fed. R. Crim. P. 52(b) to reduce his sentence.

   Defendant was named in a two-count indictment.  Count One charged him with knowingly distributing, and attempting to distribute, child pornography in violation of 18 U.S.C. § 2252A(a)(2).  Count Two charged him with knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5).

   Defendant and the government entered into a written plea agreement in which the government agreed to dismiss Count One and Defendant agreed to plead guilty to Count II.  Defendant was sentenced on Count Two to ninety-six months' imprisonment.  The sentence also required Defendant to pay $75,000 in restitution. Defendant appealed, raising only sentencing issues.  The sentence was affirmed on appeal.  *United States v. Handerhan*, 739 F.3d 114 (3d Cir. 2014).

   Defendant filed a motion under 28 U.S.C. § 2255 seeking to vacate the conviction and sentence.  We denied the motion, *United States v. Handerhan*, 2014 WL

4792007 (Sept. 23, 2014), and the Third Circuit denied a certificate of appealability. *United States v. Handerhan*, No. 14-4120 (3d Cir. Feb. 5, 2015). Defendant then filed a Fed. R. Civ. P. 60(b)(6) motion in the section 2255 proceedings, which was denied on September 22, 2015. He then filed a Fed. R. Civ. P. 59(e) motion in the section 2255 proceedings, which was denied on October 27, 2015. *United States v. Handerhan*, 2015 WL 6501200 (M.D. Pa.). Defendant's challenge to the latter two orders by way of an application in the Third Circuit for a certificate of appealability was unsuccessful. *United States v. Handerhan*, No. 15-3714 (3d Cir. Mar. 23, 2016).

We will deny the motion to reduce the sentence. Defendant invokes Fed. R. Crim. P. 52(b) as authority for the motion.[1] "However, Rule 52(b) simply defines the plain error standard of review and does not provide a vehicle for the district court to modify [a] sentence." *United States v. Tubby*, 546 F. App'x 869, 873 (11th Cir. 2013)(nonprecedential); *United States v. Campbell*, 96 F. App'x 966, 968 (6th Cir. 2004)(nonprecedential)(the defendant could not seek a sentence reduction under Rule 52(b) "because the rule does not empower a district court to review an allegation of error in a prior criminal proceeding"); *United States v. Hinson*, No. 12-CR-20837, 2015 WL

---

[1] Rule 52 provides as follows:

> (a) Harmless Error. Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.
>
> (b) Plain Error. A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.

400985, at *3 n.1 (E.D. Mich. Jan. 28, 2015)(defendant could not rely on Rule 52(b) in seeking a sentence reduction)(citing *Tubby* and *Campbell*).[2]

We add that federal courts have no inherent authority to modify a sentence at anytime.  *See Dillon v. United States*, 560 U.S. 817, 819, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010)("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'")(quoting 18 U.S.C. § 3582(c)); *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007)(nonprecedential)("We note that, as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization.")(citing *United States v. DeLeo,* 644 F.2d 300, 301 (3d Cir. 1981)).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 27, 2016

---

[2] Defendant also relies on the recent Supreme Court decision in *Molina-Martinez v. United States*, ___ U.S. ___, 136 S.Ct. 1338 (2016).  *Molina-Martinez* held that an incorrect sentencing guideline range by itself could affect a defendant's substantial rights under the plain-error requirement of Fed. R. Crim. P. 52(b).  136 S.Ct. at 1347.  However, that ruling was issued in the context of the application of Rule 52(b) on direct appeal.  Here, Defendant is not on direct appeal, and he has no other proceedings currently pending before the court.