UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO. 1:10-CR-298 |
| | : |
| BLAINE R. HANDERHAN, | : |
| Defendant | : |

*M E M O R A N D U M*

*I.  Introduction*

Before the court is Defendant Blaine R. Handerhan's "motion for relief" (Doc. 167). This motion is actually a second or successive motion to vacate sentence under 28 U.S.C. § 2255, for which Defendant has not received authorization from the Third Circuit to file. Consequently, this court lacks jurisdiction to entertain the instant motion, and it must be dismissed.

*II.  Background*

Defendant was named in a two-count indictment. Count One charged him with knowingly distributing, and attempting to distribute, child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Count Two charged him with knowingly possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5). Defendant and the Government entered into a written plea agreement in which the Government agreed to dismiss Count One and Defendant agreed to plead guilty to Count Two. Defendant was sentenced on Count Two to ninety-six months' imprisonment.

Defendant appealed, raising only sentencing issues. The sentence was affirmed on appeal. United States v. Handerhan, 739 F.3d 114, 125 (3d Cir. 2014). Defendant then filed a motion under 28 U.S.C. § 2255 seeking to vacate the conviction and sentence. This court denied the motion, United States v. Handerhan, No. 1:CR-10-0298, 2014 WL 4792007, at *12 (M.D. Pa. Sept. 23, 2014), and the Third Circuit denied a certificate of appealability, United States v. Handerhan, C.A. No. 14-4120 (3d Cir. Feb. 5, 2015).

Defendant subsequently filed motions pursuant to Federal Rules of Civil Procedure 60(b)(6) and 59(e), seeking to vacate this court's September 23, 2014 order denying his § 2255 motion. These motions were, in part, additional collateral attacks on his sentence, as they both raised new claims for relief in addition to challenging the procedural aspects of his § 2255 motion's adjudication. The court explained that it could not consider his new claims because Defendant did not have permission from the Third Circuit to file a second or successive § 2255, and he could not use a Rule 60(b)(6) or Rule 59(e) motion to circumvent the strict requirements of 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). The Third Circuit affirmed this court's lack of jurisdiction to entertain Defendant's new claims when it denied a certificate of appealability for both motions. United States v. Handerhan, C.A. No. 15-3714 (3d Cir. Mar. 23, 2016).

Undeterred, Defendant filed yet another collateral attack on his sentence, this time styled as a motion under Federal Rule of Criminal Procedure 52(b). The court promptly denied this motion as well. The Third Circuit again denied a certificate of appealability. United States v. Handerhan, C.A. No. 16-3170 (3d Cir. Dec. 15, 2016). In its denial, the circuit court explained that Defendant's argument "that his sentence was

lengthened as a result of errors in the presentence report" had been "repeatedly rejected by the District Court and this court on direct and collateral appeal." Id. at 2. It further explained that to the extent that any of Defendant's claims were new, it "decline[d] to construe his filings as an application to file another § 2255 motion because his arguments do not appear to rely on new rules of constitutional law or new evidence as required by 28 U.S.C. § 2255(h)." Id.

III.	*Discussion*

In the instant motion, Defendant again seeks to collaterally attack his sentence and his presentence investigation report ("PSR"). This time, he provides a multiple-choice list of options for how his "motion for relief" could be construed by this court. (Doc. 167 at 1). In the body of the motion, he purports to raise five grounds for relief, some of them allegedly relying on "newly discovered evidence." (Id. at 3, 7, 9). He asks the court to vacate his sentence, modify his PSR, release him on unsecured bail until resentencing, and appoint counsel.

The court will summarily deny Defendant's motion. No matter how his latest motion is styled, its substance consists of new claims challenging his federal sentence. The law is clear that such claims must be brought in a motion under 28 U.S.C. § 2255, unless that section would be "inadequate or ineffective" to raise the claims. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Just because a defendant cannot meet the stringent requirements of § 2255 does not make this section inadequate or ineffective. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017). Defendant has pointed to no reason why § 2255 would be inadequate or ineffective to raise the instant challenges to his sentence.

3

Furthermore, as Defendant has been repeatedly admonished, because he has already filed a § 2255 motion, he must seek authorization from the Third Circuit before he files another § 2255 motion in this court. See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Defendant has not sought or received such authorization from the Third Circuit, and thus his motion must be dismissed.

*IV.*       *Conclusion*

The court will construe the instant motion (Doc. 167) for relief as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. But because this is not Defendant's first § 2255 motion, and because he has not received the requisite authorization from the Third Circuit to file a second or successive § 2255 motion, this court is without jurisdiction to entertain the instant motion. The motion, therefore, must be dismissed, and a certificate of appealability will be denied.

However, Defendant is advised that he has the right to appeal this decision, see 28 U.S.C. § 2253(a), and that this court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See FED. R. APP. P. 22. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

4