# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:10-CR-00298 |
| v. | (Judge Brann) |
| BLAINE R. HANDERHAN, | |
| Defendant. | |

## MEMORANDUM OPINION

### APRIL 1, 2019

## I.   BACKGROUND

Defendant Blaine R. Handerhan was sentenced on August 21, 2012 by the Honorable William W. Caldwell of this Court, to a term of imprisonment of 96 months for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Handerhan is due to be released from incarceration August 9, 2019.

## II.   DISCUSSION

Handerhan filed a Motion for Reduction in Sentence[1] and a Motion for Summary Judgment[2] pursuant to the First Step Act of 2018, specifically at 18 U.S.C. § 3582(c)(1)(A)(i).  This section authorizes release after a movant has

---

[1]  January 7, 2019, ECF No. 170.
[2]  March 11, 2019, ECF No. 174.

exhausted his administrative remedies if "extraordinary and compelling reasons warrant such a reduction." Title 28 U.S.C. § 994 authorizes the United States Sentencing Commission to define "extraordinary and compelling reasons."[3]

Application Note 1 to Section 1B1.13[4] to the United Sentencing Guidelines defines "extraordinary and compelling reasons" as follows:

> **Extraordinary and Compelling Reasons**.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) **Medical Condition of the Defendant**.—
>
>     (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>     (ii) The defendant is—
>
>         (I)    suffering from a serious physical or medical condition,

---

[3] See 28 U.S.C. § 994(t) "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of [T]itle 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."

[4] Titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)." This definition is from the year 2018 Guidelines manual. I note for the record that it is unlikely that there will be a 2019 Guideline manual propagated, as the Commission currently only has two voting Commissioners and requires four voting Commissioners to vote in favor of adoption of a proposed amendment.

(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant**.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances**.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons**.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

In the matter at hand, Handerhan proffers that he has exhausted his administrative remedies; I accept his assertions.[5] However, what Handerhan has

---

[5] ECF No. 170 1t 1 and 7-27.

not done is demonstrate extraordinary and compelling reasons to warrant a sentence reduction pursuant to the First Step Act.

In sum, Handerhan makes two arguments. He first argues that his advisory guideline range was incorrectly calculated; second, he contends that the Court erred by allowing substitute counsel to represent him at sentencing.

The First Step Act does not reduce the statutorily authorized sentences for the crime of conviction here, possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). Handerhan is not therefore eligible for a reduction pursuant to the First Step Act. Handerhan's appropriate avenue of relief on this argument was direct appeal. The docket demonstrates that Handerhan did in fact avail himself of his right to appeal to the United States Court of Appeals for the Third Circuit. Our Court of Appeals affirmed Judge Caldwell's well-reasoned calculation of the advisory guideline range.[6]

Furthermore, the transcript provided by Handerhan demonstrates that counsel was substituted due to sentencing counsel's "partner's unfortunate illness and retirement."[7] The First Step Act does not address claims of ineffective assistance of counsel. Consequently, Handerhan's appropriate avenue of relief for this argument was a petition for writ of habeas corpus pursuant to 28 U.S.C.

---

[6] ECF No. 92.

[7] ECF No. 170 at 30.

§ 2255. The docket demonstrates that Handerhan did avail himself of his right to collaterally attack his sentence in this manner. Judge Caldwell duly denied this petition.[8]

**III. CONCLUSION**

Handerhan is not eligible for a sentence reduction under the December 21, 2018 First Step Act for the reasons delineated above. His Motion for Reduction in Sentence and his Motion for Summary Judgment are therefore denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[8] ECF Nos. 118 and 119.